Andrew Levine, Esq. (SBN: 278246)
levine@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210
ATTORNEYS FOR PLAINTIFF
FAZE APPAREL, LLC

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| FAZE APPAREL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAZE CLAN, INC. and DOES 1 through 25, inclusive,<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) Trademark Infringement and Counterfeiting – 15 U.S.C. § 1114**<br><br>**(2) False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a)**<br><br>**(3) Trademark Infringement – California Common Law**<br><br>**(4) Unfair Competition – Cal. Bus. & Prof. Code § 172000**<br><br>**(5) Declaratory Judgment – 28 U.S.C. §§ 2201-2202**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FAZE Apparel, LLC (hereinafter, "FAZE Apparel" or "Plaintiff") brings this Complaint against Defendant FaZe Clan Inc. ("FaZe Clan") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## INTRODUCTION

1. This action concerns Defendant's egregious and deliberate counterfeiting and infringement of FAZE Apparel's registered FAZE® trademarks and brand. It presents a textbook case of willful infringement that has damaged and irreparably harmed FAZE Apparel's business.

2. FAZE Apparel is a socially conscious apparel and accessories brand founded in San Francisco, California. Since 2007, FAZE Apparel has exclusively and continuously used the trademarks "FAZE APPAREL" and "FAZE" in connection with its internationally-acclaimed designer clothing and accessories (collectively the "FAZE® Marks"). FAZE Apparel is the owner of a federally registered mark for the word FAZE® on apparel.

3. In recent weeks, Defendant FaZe Clan, Inc., an online gaming "team" backed by corporate sponsors, has begun advertising on its website and selling clothes and accessories bearing unauthorized copies of the FAZE® mark to customers nationwide in willful disregard of FAZE Apparel's trademark rights. FaZe Clan is an admitted past infringer of FAZE Apparel's intellectual property rights that previously abandoned the "FAZE" brand and withdrew its products from the market at FAZE Apparel's demand. Now, FaZe Clan has begun selling large numbers of infringing and counterfeit "FAZE" items in a calculated effort to steamroll the FAZE® Marks' legitimate owner and improperly profit off its brand.

4. Recently, numerous dissatisfied customers have contacted FAZE Apparel believing that FaZe Clan's infringing "FAZE" products originated with FAZE Apparel. FaZe Clan's deliberate infringement is actively confusing consumers in the marketplace and has and will continue to irreparably damage or destroy the value of the FAZE® Marks and brand if allowed to continue. FAZE Apparel accordingly seeks a preliminary and permanent injunction, declaratory

relief, damages (including disgorgement of profits), costs and attorneys' fees, among other relief, to remedy Defendant's willful misconduct.

**THE PARTIES**

5. Plaintiff FAZE Apparel is a duly authorized California limited liability company with an office and principal place of business in San Francisco's Mission District. Since at least 2007, Plaintiff has been in the business of developing, advertising, marketing, and selling FAZE®-branded retail and wholesale apparel and accessories to customers across the United States and abroad, both in store and online.

6. Plaintiff is the owner of the registered trademarks FAZE® and F.A.Z.E.®, as well as related FAZE and FAZE APPAREL common law marks, all in connection with apparel, accessories, and retail services (the "FAZE® Marks"). Plaintiff has the exclusive right to use the FAZE® Marks and has protectable, enforceable property interests in and to each mark.

7. Upon information and belief, Defendant FaZe Clan, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California. FAZE Apparel is informed and believes FaZe Clan Inc. operates an online gaming "team" and sells merchandise under the name "FaZe Clan."

8. Upon information and belief, FaZe Clan, Inc. is the successor-in-interest to FaZe Clan LLC, a Massachusetts limited liability company that previously carried out FaZe Clan's business. Upon information and belief, FaZe Clan, Inc. is also the successor-in-interest to Thomas Oliveira, the founding owner and CEO of FaZe Clan, who previously conducted FaZe Clan's business and filed trademark applications on its behalf as "Thomas Oliveira d/b/a FaZe Clan."

9. Upon information and belief, the Defendants sued herein as Does 1 through 25, inclusive, were involved in the design, implementation, approval, or furtherance of the conduct complained of herein or received benefits from those transactions. FAZE Apparel will amend this Complaint to allege the true names and capacities of these Defendants when they are ascertained.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims against Defendant pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has subject matter jurisdiction over Plaintiff's California law claims against Defendant under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

12. This Court has personal jurisdiction over Defendant FaZe Clan because FaZe Clan has had continuous, systematic, and substantial contacts within the State of California, including doing business in California and having its principal place of business within California.

13. This Court further has personal jurisdiction over Defendant FaZe Clan because FaZe Clan and maintains a website which offers infringing goods for sale to customers in San Francisco and this District.

14. This Court further has personal jurisdiction over Defendant FaZe Clan because FaZe Clan has directed its willful, tortious conduct at California and this District. Defendant FaZe Clan intended, knew, or reasonably should have known that its conduct would cause harm to FAZE Apparel, which is located in this District.

15. Further, on information and belief, FaZe Clan has regularly participated in gaming tournaments in this District. For example, FaZe Clan participated in the "Intel Extreme Masters Season XII" tournament at Oracle Arena in Oakland, California on November 18-19, 2017 as well as the previous year's "Intel Extreme Masters" event at Oracle Arena on November 16-20, 2016. FaZe Clan has reportedly received tens of thousands of dollars in prize money for such appearances.

16. Venue in this Judicial District is also proper, pursuant to 28 U.S.C. § 1391(b). Without limitation, a substantial portion of the events giving rise to Plaintiff's trademark infringement, false designation of origin, and unfair competition claims occurred here, within this Judicial District in that:

17. Plaintiff is based in this Judicial District, and has been, is, and will continue to be damaged and harmed here as a result of FaZe Clan's intentional misconduct.

18. FaZe Clan operates the interactive website www.fazeclan.com, which is accessible to and directed in part at consumers in this District and which advertises and sells apparel and accessories using the infringing "FAZE" marks.

19. FaZe Clan maintains its primary place of business in the state of California which, on information and belief, is where corporate decision making, including promotion and expansion of the FaZe Clan brand occurs.

## INTRADISTRICT ASSIGNMENT

20. This action should be assigned to the San Francisco Division, because this action arises in San Francisco County.

## FACTUAL BACKGROUND

### I. FAZE APPAREL AND THE FAZE® MARKS

21. FAZE Apparel is a prominent socially conscious apparel and accessories brand with its flagship store in San Francisco. Founded in 2007 by born-and-bred San Franciscans Johnny Travis and Herbert Gracia, FAZE Apparel has quickly grown from a small startup into a widely respected brand with sales across the United States and internationally.

22. In addition to its San Francisco boutique, FAZE Apparel sells merchandise through the website www.fazeapparel.com. FAZE Apparel has also received international recognition, with its designs available for purchase in stores from Paris to Tokyo.

**23.** FAZE Apparel products have prominently featured the trademark FAZE® as their dominant design element and source identifier since the company's founding in 2007. A sampling of FAZE Apparel's products show the prominence of the FAZE® Mark:

















24. Customers know and rely on the FAZE® Mark to signify FAZE Apparel's potent combination of high-quality goods and creative, meaningful designs in keeping with its commitment to social justice.

25. FAZE Apparel first began use of the FAZE® Marks in 2007 in association with goods related to apparel, garments, accessories, culture, lifestyle, and sports. In addition to its longstanding common law rights, FAZE Apparel is the registered owner of the word mark FAZE in International Class 25 for apparel (U.S. Reg. No. 4,550,118). FAZE Apparel owns a legally incontestable registration for the design mark F.A.Z.E. (U.S. Reg. No. 3,680,738), also in Class 25. FAZE Apparel also owns a pending trademark application for FAZE® reflecting its longstanding use of the FAZE® Marks in connection with accessories and other items. These registrations are owned by Plaintiff and Plaintiff has the exclusive right to use and enforce the FAZE® Marks. *See* Exhibits A & B.

26. Plaintiff has continuously used the FAZE® Marks and brand in commerce since at least 2007 in connection with its apparel and accessories to promote itself and its products. Customers associate the FAZE® Marks with FAZE Apparel and its high-quality, mission-driven goods and retail services related to apparel, garments, accessories, culture, lifestyle, and sports.

27. Plaintiff's rights grow stronger every day, as more and more consumers encounter the FAZE® Marks in connection with Plaintiff's goods and come to associate the marks with the FAZE Apparel trademarks and brand.

28. Plaintiff actively promotes its products through the FAZE® Marks, its website www.fazeapparel.com and its retail store. Plaintiff has expended and continues to expend substantial sums in adopting, promoting, marketing, and using the FAZE Marks.

29. FaZe Clan has long been acquainted with FAZE Apparel and has acknowledged Plaintiff's superior rights in the FAZE® Marks. Yet FaZe Clan has suddenly launched a nationwide marketing campaign selling "FAZE"-branded products that openly counterfeit and infringe the FAZE® Marks.

30. True to its fearless ethos, FAZE Apparel now brings this action to halt and rectify Defendant's intentional infringement.

## II. FAZE CLAN IS WELL AWARE OF THE FAZE® MARKS

31. On information and belief, FaZe Clan was formed in 2010 as an online gaming team competing in various "e-sports" tournaments.

32. Despite FAZE Apparel's prior trademark registration and longstanding use of the FAZE Marks, FaZe Clan chose to adopt a name that is highly similar to and likely to be confused with the FAZE Marks.

33. FaZe Clan and its founder Thomas Oliveira have long been aware of FAZE Apparel's superior trademark rights. Indeed, the USPTO has repeatedly rejected FaZe Clan's efforts to register the mark "FaZe Clan" in Class 25 for apparel and related goods, ***expressly citing*** Plaintiff's registered FAZE® Marks.

34. On information and belief, trademark applications filed before FaZe Clan LLC or FaZe Clan, Inc.'s formation were filed on FaZe Clan's behalf and in FaZe Clan's name by Mr. Oliveira "d/b/a FaZe Clan." FaZe Clan Inc. is in privity with Mr. Oliveira, who has formally assigned his purported rights related to "FAZE CLAN" marks to the corporation.

35. For instance, FaZe Clan applied to register the marks "FaZe" and "FaZe Clan Sniping With" in connection with clothing on or about May 6, 2013 (Serial Nos. 85924441 & 85924587). The USPTO refused both registrations, finding that the FaZe Clan marks were confusingly similar to FAZE Apparel's FAZE® Marks. FaZe Clan failed to respond to either refusal, thereby admitting that confusion was likely.

36. On about July 24, 2013, FaZe Clan applied to register the mark "FAZE CLAN" in connection with International Class 41 for videos and video games and Class 25 for apparel. The PTO issued an initial refusal as to Class 25, again citing confusion with Plaintiff's FAZE® Marks

37. FaZe Clan's application was ultimately published for opposition on September 15, 2015. FAZE Apparel filed an Opposition before the Trademark Trial and Appeal Board ("TTAB") the following day, objecting to registration in Class 25 for apparel.

38. In its Opposition, FAZE Apparel alleged that the "FAZE CLAN" mark was likely to be confused with Plaintiff's registered FAZE® Marks with respect to apparel and other goods in Class 25.

39. FaZe Clan failed to respond to the Opposition, even after the TTAB unilaterally granted it two 30-day continuances. FaZe Clan thereby conceded that its FAZE CLAN mark was confusingly similar to Plaintiff's marks.

40. On January 11, 2016, the TTAB entered judgment in favor of FAZE Apparel and against FaZe Clan, sustaining FAZE Apparel's Opposition.

41. The TTAB's judgment is *res judicata* and constitutes a binding determination that the FAZE® Marks and "FAZE CLAN" are confusingly similar when used in connection with apparel and other goods in Class 25.

42. Additionally, FaZe Clan's extensive, unsuccessful efforts to contest or circumvent FAZE Apparel's trademark rights before the USPTO leave no doubt that FaZe Clan has been aware of FAZE Apparel and its superior trademark rights for ***more than four years***.

43. Indeed, FAZE Apparel's successful defense of its rights at the PTO caught the attention of FaZe Clan owner and CEO Thomas Oliveira. On August 28, 2013, days after two "FAZE" applications filed by FaZe Clan were rejected, Mr. Oliveira, referring to FAZE Apparel, wrote on Twitter: "F[*]ck that biting company" [*sic*].

## III. FAZE CLAN HAS ADMITTEDLY INFRINGED THE FAZE® MARKS BEFORE

44. Beyond the Patent and Trademark Office proceedings, FaZe Clan is an admitted infringer of the FAZE® Marks that has acknowledged FAZE Apparel's trademark rights, withdrawn infringing products from the market, and even changed its name in a short-lived search for a non-infringing moniker. Recently, FaZe Clan's infringement and efforts to illegally trade off FAZE Apparel's brand have become increasingly brazen.

### A. 2014: FaZe Clan Abandons Use of "FAZE", Concedes Infringement

45. In 2014, FaZe Clan used the website "fazeclan-apparel.com" to sell apparel and accessories infringing the FAZE word mark. FaZe Clan advertised and promoted the website as selling "Official Faze Apparel." FaZe Clan sold items prominently featuring only the word "FAZE" and the words "FAZE CLAN" on its site. FaZe Clan also sold such products in connection with third party Electronic Gamers' League ("EGL").

46. In response to a cease-and-desist letter from Plaintiff, EGL stated that it planned to stop using the FAZE APPAREL Marks on all apparel and accessories.

47. FaZe Clan appeared to re-direct customers from their fazeclanstore.com address to a new online apparel store, theredmilitia.com. In place of apparel and accessories bearing the word "FAZE" or words "FAZE Clan," the site purported to sell merchandise bearing the words "RED MILITIA."

48. Thereafter, on information and belief, Defendant stopped selling infringing "FAZE CLAN" merchandise and adopted a new brand, "RED MILITIA," conceding that its prior sales infringed FAZE Apparel's trademark rights.

**B. 2016: FaZe Clan Retreats After Being Caught Again Infringing**

49. In 2016, Plaintiff sent additional cease and desist letters to FaZe Clan and EGL and after discovering that FaZe Clan had resumed infringement of the FAZE APPAREL Marks. FaZe Clan and EGL had begun using the website fazeclanstore.com to sell apparel and accessories infringing the FAZE® Marks. FaZe Clan and EGL promoted on the website "Faze 2.0 Clothing and Accessories."

50. Upon information and belief, in response to Plaintiff's letters, FaZe Clan thereafter removed all apparel bearing the terms "FAZE" and "FAZE CLAN" from its online store.

**C. 2017: FAZE Apparel Declines to License the FAZE® Marks to FaZe Clan**

51. FaZe Clan apparently could not stay away from the FAZE® Marks for long. In or around February 2017, a FaZe Clan business manager approached FAZE Apparel to discuss purchasing a license for FaZe Clan to use the FAZE® Marks.

52. FAZE Apparel did not license the marks to FaZe Clan, nor has it otherwise given permission for FaZe Clan to use them.

**IV. DEFENDANT IS NOW SELLING COUNTERFEIT AND INFRINGING FAZE® PRODUCTS**

53. Despite its knowledge of the FAZE® Marks, the parties' prior communications regarding past infringement (which, upon information and belief, consistently resulted in FaZe Clan's temporary cessation of infringing activities), and the parties' unsuccessful discussions

regarding a licensing agreement, FaZe Clan began selling dozens of infringing "FAZE"-branded products on its website in late-December 2017. Since FaZe Clan launched its new infringement campaign, FAZE Apparel has received numerous inquiries from confused consumers believing that FAZE Apparel is somehow affiliated with FaZe Clan. A cursory inspection of several products reveals why:


















54. FaZe Clan is selling counterfeit "FAZE" products in violation of 15 U.S.C. § 1114(1). Numerous infringing products carry a spurious reproduction of the FAZE® word mark that is identical to or substantially indistinguishable from the mark as registered, as shown below:

| **FAZE® Mark as Registered** | **Examples of Counterfeit Marks** |
|---|---|
| FAZE<br>(Standard characters not limited to any particular font style, size, or color) |     |

55. The imitation FAZE products are also highly confusing. Even when accompanied by ancillary text, "FAZE" is by far the dominant element of the new FaZe Clan designs, often by an overwhelming margin. "FAZE" is also the sole or dominant element of Plaintiff's authentic

FAZE® Marks, rendering the competing marks indistinguishable or, at minimum, highly confusing.

56. FaZe Clan is using its imitation "FAZE" mark to sell clothing and accessories, the same categories of goods sold by FAZE Apparel under the genuine FAZE® Marks. Additionally, FaZe Clan is marketing its infringing products over the internet and social media, both key marketing channels used by FAZE Apparel to sell its authentic FAZE® merchandise.

57. The FAZE® Marks are inherently distinctive and conceptually strong in that they are original, arbitrary marks entitled to a high degree of protection. Additionally, the FAZE® Marks are commercially strong by virtue of FAZE Apparel's commercial success, widespread marketing, and growing sales.

58. Given FaZe Clan's awareness of FAZE Apparel's trademark rights, its copying of the FAZE® Marks is willful at minimum. Upon information, and belief, FaZe Clan designed and launched the new infringing FAZE products with the intent to injure FAZE Apparel and undermine its trademark rights (in keeping with Mr. Oliveira's ""F[*]ck that biting company" remark).

59. The intentional and brazen nature of FaZe Clan's infringement renders this a truly "exceptional" case, warranting an award of treble damages and attorneys fees to FAZE Apparel pursuant to 15 U.S.C. § 1117(a). Additionally, FaZe Clan's willful design and marketing of counterfeit FAZE products calls for enhanced statutory counterfeiting damages up to $2 million per counterfeit mark pursuant to 15 U.S.C. § 1117(b).

## V. DEFENDANT'S INFRINGEMENT IS CAUSING IRREPARABLE HARM

60. FaZe Clan's willful copying of the FAZE® Marks is already producing consumer confusion. In the last several weeks alone, multiple customers have contacted FAZE Apparel to complain about FaZe Clan's merchandise or customer service.

61. For instance, earlier this month, a consumer called the FAZE Apparel store to complain about FaZe Clan's failure to promptly ship a sweatshirt that she ordered. Another customer contacted FAZE Apparel in December 2017 to ask why his FaZe Clan discount code wasn't working – on FAZE Apparel's website.

62. FaZe Clan's brazen misappropriation of the FAZE® Marks even appears to be creating the false impression that FAZE Apparel is somehow the infringing party. Perhaps inspired by Mr. Oliveira's vitriol, a consumer sent a message to FAZE Apparel on social media earlier this month asserting: "You not the real FaZe Apparel… you copying" [*sic*].

63. These direct examples of confusion, coinciding with FaZe Apparel's recent launch of infringing "FAZE" products, suggest that a far greater number of consumers are being confused and will continue to be confused if the infringing products remain in the marketplace.

64. There is every indication that FaZe Clan's infringing use of the FAZE® Marks will continue to escalate. On January 14, 2018, professional football star JuJu Smith-Schuster (Wide Receiver, Pittsburgh Steelers) wore a custom-designed "FAZE CLAN" jersey on the field before a nationally-televised playoff game against the Jacksonville Jaguars. The telecast (including pregame coverage) was reportedly watched by **31.4 million** American viewers.




65. On January 18, 2018, FaZe Clan and Smith-Schuster began jointly advertising the custom "FAZE" jersey to millions of consumers via their Twitter profiles. Customers quickly began posting receipts showing that they had purchased the infringing "FAZE" jersey, as shown at right:




66. If left unchecked, FaZe Clan will continue promoting and selling its counterfeit and infringing "FAZE" products to millions of consumers via multiple media platforms. With the year just beginning, there is every reason to believe that FaZe Clan and its Hollywood talent managers have already made promotional arrangements with other celebrities like Mr. Smith-Schuster.

67. FaZe Clan's misconduct is irreparably harming Plaintiff in that customers are being confused into thinking that FaZe Clan's products originate with Plaintiff, and vice versa, because of FaZe Clan's intentional copying of the FAZE® Marks.

68. Consumers have been confused and have made unfavorable associations between FAZE Apparel and FaZe Clan due to the sale of FaZe Clan's infringing apparel. As this continues to occur, Plaintiff's reputation and the goodwill associated with its marks will be damaged and diluted in a manner that is irreparable and not readily quantifiable.

69. Tarnishment of a brand's reputation and damage to goodwill can occur instantaneously, but can take months or years to repair, if they can be repaired at all. Plaintiff's reputation and goodwill have suffered and will continue to suffer unless FaZe Clan is enjoined from further infringement.

## FIRST CAUSE OF ACTION

**Trademark Infringement and Counterfeiting – Lanham Act, Section 32** (15 U.S.C. § 1114)

70. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

71. Plaintiff owns all right, title, and interest in the FAZE® Marks, which it has continuously used in commerce since at least 2007.

72. Through the conduct alleged above, Defendant's unauthorized use in commerce of the FAZE® Marks infringes Plaintiff's rights in the marks and violates 15 U.S.C. § 1114 because it renders Defendant's products confusingly similar to Plaintiff's genuine FAZE® Marks and goods. Defendant's unauthorized use of the FAZE® Marks creates the erroneous impression in consumers' minds that Defendant's "FAZE" and "FAZE CLAN" products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the FAZE® Marks.

73. Further, Defendant is selling counterfeit FAZE® products bearing spurious marks that are identical to (or, at minimum, substantially indistinguishable from) the FAZE® word mark. Defendant is using such counterfeit "FAZE" marks in connection with the same goods covered by Plaintiff's federal registration for FAZE®. Defendant's sales of counterfeit products are causing confusion by misleading consumers as to the source and genuineness of such products.

74. Defendant's imitation and unauthorized use of the FAZE® Marks is causing irreparable injury to Plaintiff by, *inter alia*, destroying consumers' unique association of the FAZE® Marks with Plaintiff's products and creating a false association with Defendant.

75. Plaintiff has no adequate remedy at law for Defendant's misconduct. Unless Defendant is enjoined and restrained from continuing its infringement, consumers will continue to be confused and Plaintiff's injuries will continue to occur.

76. Plaintiff is entitled to recover from Defendant any gains, profits, and advantages as a result of Defendant's infringement, in an amount to be proven at trial. Additionally, Defendant's willful counterfeiting of the FAZE® mark entitles Plaintiff to statutory damages up to $2 million per counterfeit mark per type of goods sold.

77. Defendant's willful, sustained, and oppressive misconduct renders this a truly "exceptional" case, entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**Trademark Infringement, False Designation of Origin, and Unfair Competition – Lanham Act, Section 43(a)** (15 U.S.C. § 1125(a))

78. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

79. Plaintiff owns all right, title, and interest in the FAZE® Marks, which it has continuously used in commerce since at least 2007.

80. Through the conduct alleged above, Defendant's unauthorized use in commerce of the FAZE® Marks infringes Plaintiff's rights in the marks and violates 15 U.S.C. § 1114 because it renders Defendant's products confusingly similar to Plaintiff's genuine FAZE® Marks and goods. Defendant's unauthorized use of the FAZE® Marks creates the erroneous impression in consumers' minds that Defendant's "FAZE" and "FAZE CLAN" products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the FAZE® Marks. Such use constitutes a false designation of origin within the meaning of 15 U.S.C.§ 1125(a).

81. On information and belief, Defendant chose to use counterfeit and infringing "FAZE" and "FAZE CLAN" marks with the intent to cause confusion among consumers as to the source of Plaintiff's and Defendant's respective products.

82. Defendant has profited from its unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.

83. Defendant's willful, sustained, and oppressive misconduct in misleading U.S. consumers renders this a truly "exceptional" case, entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

84. Defendant's infringement is causing irreparable harm by confusing consumers and enabling Defendant to unlawfully profit by trading off of Plaintiff's FAZE® Marks. Plaintiff will continue to suffer such harm unless Defendant's infringing conduct is enjoined by this Court.

## THIRD CAUSE OF ACTION

### Trademark Infringement – California Common Law

85. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

86. Since 2007, Plaintiff has been continuously using its FAZE® Marks to identify its apparel and accessories in California. The relevant consuming market of California consumers widely recognizes the FAZE® Marks as designating apparel and accessories sold by Plaintiff. Thus, Plaintiff has enforceable rights in and to the FAZE® Marks under California law.

87. Defendant's unlawful activities in the state of California and/or directed at California consumers have caused Plaintiff irreparably injury. Unless the Court enjoins such conduct, Defendant will continue its intentional infringement to the continued, irreparable injury of Plaintiff and its FAZE® Marks. This injury includes a reduction in the distinctiveness of the FAZE® Marks, as well as injury to Plaintiff's reputation that cannot be remedied through damages. Plaintiff has no adequate remedy at law.

88. In view of the foregoing, Plaintiff is entitled to a permanent injunction restraining and enjoining FaZe Clan in the state of California from using in commerce the designation

"FAZE," "FAZE CLAN," or any colorable imitation or variation thereof, for apparel or accessories.

89. Plaintiff is also entitled to recover Defendant's profits, Plaintiff's ascertainable economic damages, and Plaintiff's costs of suit. Defendant's willful infringement of Plaintiff's common-law rights in California, without excuse or justification, entitles Plaintiff to its reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

**Unfair Competition (**Cal. Bus. & Prof. Code § 172000 and Common Law)

90. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

91. Defendant's unauthorized use of the FAZE® Marks in a manner that is likely to confuse and deceive consumers is unlawful, unfair, and/or fraudulent and constitutes unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

92. Defendant has profited from its unfair competition, and Plaintiff has suffered damages in an amount to be proven at trial.

93. Defendant's infringement is causing irreparable harm by confusing consumers and enabling Defendant to unlawfully profit by trading off of Plaintiff's FAZE® Marks. Plaintiff will continue to suffer harm unless Defendant's infringing conduct is enjoined by this Court.

## FIFTH CAUSE OF ACTION

**Declaratory Judgment (**28 U.S.C. §§ 2201-2202)

94. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

95. Defendant's unauthorized use of the FAZE® Marks in connection with sales of counterfeit and infringing products infringes Plaintiff's rights in the FAZE® Marks.

96. Despite repeatedly admitting that "FAZE CLAN" is confusingly similar to Plaintiff's FAZE® Marks, Defendant has persisted in using and seeking to register "FAZE CLAN" and other infringing "FAZE" marks in connection with clothing, accessories, and other products

that would infringe Plaintiff's rights. Such applications include, without limitation, the Application Serial Numbers 87/332787, 87/335175, and 87/335668.

97. The TTAB has conclusively adjudicated the fact that FAZE® and "FAZE CLAN" are confusingly similar when used with respect to apparel. The TTAB's judgment is *res judiciata* and is binding on FaZe Clan, Inc. and its predecessors-in-interest.

98. Plaintiff has already prevailed and secured a final judgment, yet Defendant continues to file frivolous trademark applications for the same mark and the same types of products. Defendant's vexatious attempts to re-open this issue create a substantial, immediate and justiciable controversy between the parties.

99. Plaintiff accordingly seeks a declaratory judgment that FAZE® and "FAZE CLAN" are confusingly similar with respect to apparel and accessories, consistent with the TTAB's binding judgment.

100. In accord with such judgment, Plaintiff seeks a decree pursuant to 15 U.S.C. § 1119 that Defendant has no right to register "FAZE CLAN" with respect to apparel or accessories, as well as an order that Defendant's Applications 87/332787, 87/335175, and 87/335668 be denied with respect to apparel and accessories.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

A. Preliminarily and permanently enjoin Defendant from using the FAZE® Marks, "FAZE CLAN," or any colorable imitation thereof in connection with the sale, advertising, marketing, production, or distribution of apparel or accessories.

B. Preliminarily and permanently enjoin Defendant from engaging in any other activity that is intended to, or has the effect of, infringing Plaintiff's rights in and to the FAZE® Marks, or that causes Defendant or any other person to unfairly compete with Plaintiff in any way.

C. Award Plaintiff its amount of damages and/or the amount of Defendant's profits arising from Defendant's unauthorized use of the FAZE® Marks in the United States, pursuant to 15 U.S.C. § 1117.

D. Award Plaintiff three times its actual damages according to proof, as well as the costs of this action, in accordance with 15 U.S.C. § 1117.

E. Award Plaintiff statutory counterfeiting damages of $2 million per counterfeit mark per type of goods sold pursuant to 15 U.S.C. § 1117(d).

F. Find this action to be an "exceptional case" based upon Defendant's willful, sustained, and oppressive misconduct and award Plaintiff its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

G. Reaffirm the TTAB's binding judgment that FAZE® and "FAZE CLAN" are confusingly similar with respect to apparel and accessories, and declare that Defendant has no right to register the mark "FAZE CLAN" in connection with such categories.

H. Order the Director of the Patent and Trademark Office to deny Defendant's Applications 87/332787, 87/335175, and 87/335668 with respect to clothing and accessories.

I. Award Plaintiff such other and further relief as this Court deems equitable and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: January 29, 2018

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: ______________________
Andrew Levine

Attorneys for Plaintiff
FAZE Apparel, LLC

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# FAZE

**Reg. No. 4,550,118**

**Registered June 17, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

FAZE APPAREL, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
3236 21ST STREET
SAN FRANCISCO, CA 94110

FOR: A-SHIRTS; BASEBALL CAPS AND HATS; BEANIES; BUTTON DOWN SHIRTS; CREW NECK SWEATERS; HOODED SWEAT SHIRTS; SHIRTS; SWEAT SHIRTS; SWEATERS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-14-2007; IN COMMERCE 12-14-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,680,738.

SER. NO. 85-867,480, FILED 3-5-2013.

SUE LAWRENCE, EXAMINING ATTORNEY

UNITED STATES PATENT AND TRADEMARK OFFICE
DEPARTMENT OF COMMERCE

Michelle K. Lee

**Deputy Director of the United States Patent and Trademark Office**

# EXHIBIT B

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 3,680,738**

**United States Patent and Trademark Office** **Registered Sep. 8, 2009**

## TRADEMARK
### PRINCIPAL REGISTER

FAZE APPAREL (CALIFORNIA LIMITED LIABILITY COMPANY)
20 CEDRO AVE
SAN FRANCISCO, CA 94127

FOR: A-SHIRTS; CANVAS SHOES; DENIMS; DRESS SHIRTS; LEATHER SHOES; LONG-SLEEVED SHIRTS; PANTS; POLO SHIRTS; SHIRTS; SHOES; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; SWEAT SHIRTS; T-SHIRTS; TEE SHIRTS; HATS; UNDERWEAR; SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-14-2007; IN COMMERCE 12-14-2007.

THE COLOR(S) GOLD IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF SEVEN GOLD LIGHTNING BOLTS CONNECTED AT THEIR END POINTS IN A TRIANGULAR SHAPE.

SN 77-404,461, FILED 2-22-2008.

JANICE L. MCMORROW, EXAMINING ATTORNEY