Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DeBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Fax: (310) 492-4394

Attorneys for Defendant
Faze Clan Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE APPAREL, LLC, | ) |
| | ) Case No.: 2:18-cv-02052 RGK (JEMx) |
| | ) |
| Plaintiff, | ) |
| | ) **DECLARATION OF** |
| v. | ) **ELEANOR M. LACKMAN** |
| | ) |
| FAZE CLAN, INC. and DOES 1 through 25, inclusive, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

1

DECLARATION OF ELEANOR M. LACKMAN

ELEANOR M. LACKMAN declares as follows:

1. I am a member of the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for defendant Faze Clan Inc. ("Faze Clan") in this proceeding. I am admitted to practice before this Court. I make this declaration to address Faze Clan's untimely-filed Answer and Counterclaim.

2. Plaintiff Faze Apparel, LLC's ("FAZE Apparel") complaint was initially filed in the Northern District of California. In connection with the transfer of the case to the Central District of California by consent and order, I engaged in several conversations with counsel for FAZE Apparel concerning the date on which Faze Clan's Answer would be due. In these conversations, I came to expect that FAZE Apparel would be filing a preliminary injunction well before Faze Clan's Answer in this proceeding would be due, potentially mooting or adjourning the need to prepare an Answer in the midst of preliminary injunction briefing. (Indeed, FA's counsel has represented since January of this year that a preliminary injunction motion would be filed imminently.) Accordingly, although the parties stipulated to a deadline of April 6, 2018, we understood that Faze Clan's opposition to the preliminary injunction motion would be filed by this date, and therefore we prioritized the opposition over the pleading internally.

3. FAZE Apparel continued to delay the filing of its preliminary injunction motion, finally filing after close of business on Good Friday, March 30, 2018, which also happened to be the first night of Passover. The motion was filed one week before Faze Clan's Answer was due; because we turned immediately to preparing Faze Clan's opposition to the motion, Faze Clan's Answer and Counterclaim was simply not in the forefront of our minds.

4. At the same time, our firm was in the process of hiring a new Managing Clerk following the prior clerk's departure the week of March 5. While the

attorneys were working to try to cover in the month-long interim with the help of an administrative assistant to docket dates, the April 6th date must not have made it into the team's calendar.

5. Without the backstop of our docketing system for reminders and having mentally told ourselves that the Answer would be due after the opposition to the motion for the preliminary injunction, the missing of the deadline was truly inadvertent.

6. As of April 9, 2018, the firm has hired a new Managing Clerk. We regret our failure to file the Answer on the date it was originally due, but appreciate the Court's patience in permitting this untimely filing, and do not believe that such error will occur again.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  April 13, 2018
              Beverly Hills, California

_____
Eleanor M. Lackman