# EXHIBIT 1

**Toby Rowe**

| | |
|---|---|
| **From:** | Eleanor M. Lackman <ELackman@cdas.com> |
| **Sent:** | Friday, February 23, 2018 1:44 PM |
| **To:** | Andrew Levine; Toby Rowe |
| **Cc:** | Brittany L. Kaplan-Peterson; Joshua B. Sessler; Diane Lu |
| **Subject:** | RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.) |

Andrew,

I'm not sure what this "December infringement" is, but your surmise is wrong. As you'll see in the privilege log we produce, we had authority to sue in October and a draft of the complaint ready before Christmas, but we endeavored in the interest of respect to try to develop a settlement proposal that would give your client some upside rather than leave it with a loss and a hefty legal bill (not to mention the possibility of multiple bills under the *Octane Fitness/Sun Earth* standards). The fact that you threw together a complaint over the weekend instead of responding can be equally presumed to be gamesmanship, and you should have known from the law that you can't file a complaint when a draft has been sent to you.

But let's deal with that later on. We can't file the motion to consolidate anyway until the case has been transferred.

Regards,
Eleanor

**From:** Andrew Levine [mailto:levine@braunhagey.com]
**Sent:** Friday, February 23, 2018 4:30 PM
**To:** Eleanor M. Lackman <ELackman@cdas.com>; Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Joshua B. Sessler <JSessler@cdas.com>; Diane Lu <lu@braunhagey.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Thanks for confirming; we will get the transfer stipulation on file.

Regarding consolidation, the PI has nothing to do with what the caption should be. We are the plaintiff, we filed first and are seeking not DJ relief but injunctive relief and damages for Faze Clan's willful infringement of marks it has known about for years and which have blocked Faze Clan's attempts to register its own marks. That your client elected to send a settlement offer and draft complaint months after Faze Apparel's last letters, which just happened a day or two before we were ready to file the affirmative infringement suit, says more about the likely ballooning profits Faze Clan is realizing from its December infringement campaign than anything else.

I am tied up for the remainder of the day in meetings, but we should be able to resolve what is fairly straightforward issue and agree on a caption that reflects the actual nature of the dispute rather than gamesmanship.

Andrew Levine
B R A U N **H A G E Y** & B O R D E N  L L P
Direct: (415) 599-0207
Cell: (415) 636-2540

**From:** Eleanor M. Lackman [mailto:ELackman@cdas.com]
**Sent:** Friday, February 23, 2018 1:19 PM

1

Exhibit 1
2

**To:** Andrew Levine <levine@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Joshua B. Sessler <JSessler@cdas.com>; Diane Lu <lu@braunhagey.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Andrew,

I have reviewed.  The motion to transfer looks fine and you can add my e-signature.  On the motion to consolidate, all looks fine except that in light of our views on the pending motion, we should be the DJ plaintiff and your client should be counterclaiming.

Regards,
Eleanor

**From:** Andrew Levine [mailto:levine@braunhagey.com]
**Sent:** Thursday, February 22, 2018 8:04 PM
**To:** Eleanor M. Lackman <ELackman@cdas.com>; Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Joshua B. Sessler <JSessler@cdas.com>; Diane Lu <lu@braunhagey.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Eleanor –

Jumping in for Toby who is out of the office for a moment.  Attached are the stipulations re transfer and consolidation.  We haven't included the schedule for the PI for now b/c it may take a day or two for transfer order to come down.  I am sure we can agree to a schedule that works for both parties shortly, but we'd like to get these stipulations on file as soon as possible.  We will agree to make any Faze Apparel declarants in support of the PI available for cross-examination at the hearing assuming Faze Clan agrees to do the same re its opposition declarants.   Would appreciate your confirmation on that point.

Regards,
Andrew

Andrew Levine
**B R A U N H A G E Y  &  B O R D E N  L L P**
Direct:  (415) 599-0207
Cell:  (415) 636-2540

**From:** Eleanor M. Lackman [mailto:ELackman@cdas.com]
**Sent:** Thursday, February 22, 2018 3:38 PM
**To:** Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>; Diane Lu <lu@braunhagey.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Toby,

Thanks for the call.  To confirm, you're OK with making your witnesses available and with the April 2 date assuming that the papers can be filed early next week, and you'll be sending us a stipulation regarding consolidation shortly.  However, we may revisit the schedule if the transfer/consolidation is delayed.  If I'm misunderstanding anything, please let me know.

Best regards,
Eleanor

---

**From:** Eleanor M. Lackman
**Sent:** Thursday, February 22, 2018 12:11 PM
**To:** 'Toby Rowe' <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>; Diane Lu <lu@braunhagey.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Toby,

I've been reviewing the rules and conferring internally.  One thing we need to know before accepting the schedule (and proposed transfer) so long as you will make any witnesses available for cross-examination.  See L.R. 7-8.  Presumably that will save some time for your side.  If you won't agree to do that, we may need to reject the request to consolidate and transfer.  Hopefully it won't be an issue but I'd like to confirm.

I also am not seeing that the response time is one week under the rules.  The minimum time between the notice of motion and motion day is 28 days per L.R. 6-1 and L.R. 7-9 is similar; it's not a set date, and there's nothing that suggests that one week is a default.  The timing for the cross-examination notice that you have also doesn't seem to match up under L.R. 7-8.  The notices would be due March 14, not 15, and the responses would be due on the 16th due to the intervening holiday.  We also have an odd situation where we don't know if you'll have any new witnesses for reply until after the deadline to request their testimony.

It seems we could save ourselves a lot of hassle if we allowed a little more breathing room.  As previously stated, your client's complaints have been around for some time – an extra week won't cause any incremental issue.  My suggestion is that if you intend to file on Monday, let's set the hearing date for April 2 and work backward from there.

Regards,
Eleanor

---

**From:** Toby Rowe [mailto:rowe@braunhagey.com]
**Sent:** Wednesday, February 21, 2018 7:35 PM
**To:** Eleanor M. Lackman <ELackman@cdas.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>; Diane Lu <lu@braunhagey.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Eleanor,

We will prepare a stipulation to transfer and consolidate.  As to the motion for preliminary injunction, which we intend to file shortly, we would propose the following briefing schedule:

   a. Hearing Date – March 26, 2018
   b. Opening Brief Due – February 26, 2018
   c. Opposition Due – March 12, 2018
   d. Deadline for parties to serve Notice of Request to Cross-Examine Declarant (L.R. 7-8) – March 15, 2018
   e. Deadline for parties to serve Objections to Notice of Request to Cross-Examine Declarant – March 19, 2018
   f. Reply Due – March 19, 2018

This schedule would give Faze Clan an extra week to respond to FAZE Apparel's motion, compared with the one week provided by the default Central District schedule  (*See* L.R. 6-1 and 7-9.)  If Faze Clan is amenable to this extension, we will include the briefing schedule in the stipulations we are drafting.

Best,
Toby

J. Tobias Rowe
B R A U N **H A G E Y**  & B O R D E N  LLP
Office: (415) 366-1232
Cell: (415) 547-9541

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

**From:** Eleanor M. Lackman [mailto:ELackman@cdas.com]
**Sent:** Wednesday, February 21, 2018 2:08 PM
**To:** Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>
**Subject:** Re: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Toby,

Thanks for your patience.  We're amenable to your proposal but we'd also like to understand how this plays with the proposed motion for an injunction (if at all).

Regards,
Eleanor

Eleanor M. Lackman
Cowan DeBaets Abrahams & Sheppard LLP
elackman@cdas.com

On Feb 19, 2018, at 3:54 PM, Toby Rowe <rowe@braunhagey.com> wrote:

> Eleanor,
> Further to your email below, FAZE Apparel believes that venue is proper in the Northern District, where plaintiff is headquartered and continues to suffer harm as a result of Faze Clan's escalating infringement. Nonetheless, FAZE Apparel is willing to transfer its claims to the Central District of California to be heard before Judge Klausner, who has a strong record of protecting trademark owners against infringement. We propose that the parties stipulate to transfer the Northern District action to the Central District and consolidate both cases before Judge Klausner. Both parties' answers would be due within 21 days after the order consolidating the cases.
> Please advise whether Faze Clan is amenable to transfer and consolidation. If so, we will follow with an appropriate stipulation.
> Thanks,
> Toby
>
> J. Tobias Rowe
> BraunHagey & Borden LLP
> Office: (415) 366-1232

Cell: (415) 547-9541

On Fri, Feb 16, 2018 at 2:05 PM -0500, "Eleanor M. Lackman" <ELackman@cdas.com> wrote:

Thanks, Toby.

**From:** Toby Rowe [mailto:rowe@braunhagey.com]
**Sent:** Friday, February 16, 2018 1:35 PM
**To:** Eleanor M. Lackman <ELackman@cdas.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Eleanor,

We are consulting with our client on these scheduling issues and will be back in touch shortly.

Best,
Toby

J. Tobias Rowe
B R A U N H A G E Y  &  B O R D E N  LLP
Office:  (415) 366-1232
Cell:  (415) 547-9541

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

**From:** Eleanor M. Lackman [mailto:ELackman@cdas.com]
**Sent:** Thursday, February 15, 2018 9:48 AM
**To:** Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>
**Subject:** RE: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Toby,

We're not aware of any issues other than stated (that we believe this case should be heard in the Central District), as well as the following:  14 days after filing is not enough time to oppose, particularly with a holiday in the interim, and we'd propose the typical four weeks that may be necessary – replies ordinarily come in half the time of briefs in chief, so we don't have an objection to 14 days after the opposition so long as we have 28 days to oppose.  (Not to mention that I'm traveling through Wednesday.) Your client has been aware of my client's business for at least 2-1/2 years, so there's no likely measurable injury in the interim, particularly as compared to the fact that we have a pending motion and need time to oppose what we expect to be a significant motion.

Moreover, we have to reserve rights to object if it turns out that the judge's ultimate schedule doesn't put the hearing on the date you request.  Has the deputy advised you that these dates work?

Regards,

Eleanor

**From:** Eleanor M. Lackman
**Sent:** Wednesday, February 14, 2018 8:09 PM
**To:** Toby Rowe <rowe@braunhagey.com>
**Cc:** Brittany L. Kaplan-Peterson <BKaplan@cdas.com>; Andrew Levine <levine@braunhagey.com>; Joshua B. Sessler <JSessler@cdas.com>
**Subject:** Re: FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Toby,

I think that venue should be decided first.

Moreover, there's no basis for preliminary relief.  We'll be requesting reimbursement.

Nonetheless, I'll need to confer here about witness availability, etc., assuming this is the schedule you get.  I'll get back to you as soon as I'm able but this timing is pretty tight.

Regards,
Eleanor

Eleanor M. Lackman
Cowan DeBaets Abrahams & Sheppard LLP
elackman@cdas.com

On Feb 14, 2018, at 4:40 PM, Toby Rowe <rowe@braunhagey.com> wrote:

> Eleanor,
>
> FAZE Apparel intends to file its motion for preliminary injunction tomorrow, as we mentioned in our January 29 letter and February 12 email to Judge Koh's courtroom deputy.  Given the ongoing irreparable harm being suffered by our client, we will be filing a motion for expedited scheduling of the hearing.
>
> We suggest that the parties adhere to the Northern District's standard briefing and hearing schedule (L.R. 7-2).  The following dates apply:
>
> Hearing Date: March 22, 2018 (35 days after service of motion)
> Opposition Due: March 1, 2018 (14 days after service of motion)
> Reply Due: March 15, 2018 (14 days after service of opposition)
>
> Though we do not expect that this standard schedule will be controversial, please let me know by no later than **1 pm PST tomorrow, February 15**, whether Faze Clan believes it will be unduly prejudiced.  I am generally available to meet and confer tomorrow.
>
> Thank you,
> Toby
>
> J. Tobias Rowe
> BRAUN**HAGEY** & BORDEN LLP

Office: (415) 366-1232
Cell: (415) 547-9541

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

**From:** Toby Rowe
**Sent:** Monday, January 29, 2018 3:46 PM
**To:** elackman@cdas.com; bkaplan@cdas.com
**Cc:** Andrew Levine <levine@braunhagey.com>
**Subject:** FAZE Apparel v. FaZe Clan, Inc., No. 3:18-cv-00625 (N.D. Cal.)

Dear Ms. Lackman,

Please see the attached correspondence.

Best regards,

J. Tobias Rowe

B R A U N **H A G E Y** & B O R D E N  L L P
Direct: (415) 366-1232

**San Francisco (Main Office)**
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square
27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.