Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DeBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Telefax: (310) 492-4394

Attorneys for Plaintiff
FAZE CLAN INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE APPAREL, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>FAZE CLAN INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No.: 2:18-cv-02052-RGK (JEMX)<br><br>**DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANT FAZE CLAN INC.'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COUNTERCLAIM**<br><br>Before the Hon. R. Gary Klausner |

ELEANOR M. LACKMAN declares as follows:

1.　I am a member of the Bar of this Court and a member of the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for defendant FaZe Clan Inc. ("FaZe Clan") in this proceeding.  I am admitted to practice before this Court. I submit this declaration in support of FaZe Clan's Motion for Leave to File a First Amended Counterclaim.

2.　The initial *Faze Apparel, LLC v. Faze Clan Inc.,* 2:18-cv-02052-RGK-JEM action, was brought by Faze Apparel, LLC ("FA"), accusing FaZe Clan of trademark infringement. FaZe Clan commenced its own action against FA to invalidate FA's improperly-filed trademark application (Serial No. 87,520,638, the "2017 Application"), based on FA's false representation that its trademark was in use in commerce in connection with all of the goods identified in the 2017 Application as of the filing date of the 2017 Application.

3.　The parties were scheduled to appear before the Court for a Rule 16(b) scheduling conference in the related action on July 23, 2018 at 9:00 a.m. Subsequently, on July 25, 2018, a scheduling order was filed, to which it was ordered that all motions to join other parties or to amend the pleadings shall be filed within fifteen (15) days of the date of the Order.

**FaZe Clan's Multiple Attempts to Obtain Discovery from FA Related to Faze Clan's Counterclaim**

4.　Since the scheduling conference and filing of the Scheduling Order, FaZe Clan has propounded requests for the production of documents and production of

documents and answers to interrogatories.

5.   To date, FA has produced little in response to the claims of issue in Faze Clan's counterclaim.

6.   Faze Clan first sought information pertaining to FA's registered trademarks and claimed goods in a first set of interrogatories that were served on October 16, 2018. Contemporaneously, FaZe Clan served FA with a first set of document requests.

7.   FA waited until the very last day to timely serve responses and objections to the aforementioned requests, on November 29, 2018. In FA's responses and objections, it failed to provide substantive answers to the entire set of interrogatories, and merely avoided its obligation pursuant to FRCP 33(b)(3) by providing blanket objections that lacked any particularized explanations.

8.   FA also failed to provide any documentation to the relevant requests pertaining to FA's registered trademarks, documentation to support FA's claimed goods in commerce, and any documentation evidencing when said goods were first put in commerce.

9.   On December 19, 2018, I served FA's opposing counsel with a deficiency letter on behalf of FaZe Clan, specifying the requested outstanding discovery and detailing why such information was vital.

10.  On December 31, 2018, FA served its Amended and Restated Responses to FaZe Clan's First Set of Interrogatories, which still failed to provide the aforementioned information requested.

11.  I further conferred with opposing counsel to provide opportunities to reconciled FA's deficiencies, yet they were to no avail.

12.  As a result, on January 8, 2019, I served FA's opposing counsel with a second deficiency letter, specifying the requested outstanding discovery and the

reasoning why such information was vital in order to move forward with the scheduled upcoming depositions.

13.   After conferring with FA's counsel, FA subsequently served its Second Amended and Restated Responses to Faze Clan's First Set of Interrogatories, which *still* failed to provide the aforementioned information requested.

14.   We responded to opposing counsel on January 13, 2019, regarding the continuous deficiencies; requesting FA to correct them and to provide the outstanding discovery, which was left unanswered.

**January 2019 Deposition of FA's Witness**

15.   On January 14, 2019, I conducted the deposition of FA's 30(b)(6) witness, Johnny Travis (Plaintiff's Co-Founder and Co-Owner)("Travis"). Attached as Exhibit A is true and accurate copy of excerpts from the January 14, 2019 deposition of FA's 30(b)(6) witness, Travis.

16.   In light of the information discovered at Travis' deposition, it is necessary to move to amend Faze Clan's counterclaim to add the claims to cancel FA's "F.A.Z.E." trademark registration and FA's "FAZE" trademark registration; which were wrongfully obtained through the aforementioned false representations on both respective applications.

17.   Despite persistent attempts to obtain discovery from FA, FaZe Clan did not discover the evidence supporting its proposed amendment until just recently.

18.   Moreover, on January 29, 2019, I had a meet and confer with opposing counsel. During our meet and confer, we were informed that FA does not have any sales records from before 2014, even though FA's claim turns on the concept that it

was selling a wide variety of apparel and accessories prior to FaZe Clan's first use of "FaZe Clan" and other "Faze" terms on clothes and accessories in around 2012-2013.

19. This amended counterclaim would further serve to more accurately identify the scope of the acts alleged within Faze Clan's claims, allowing for a resolution of the case on the merits that is both fair and full.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 1, 2019

Eleanor M. Lackman