1   Eleanor M. Lackman, Esq., No. 298594
2   *elackman@cdas.com*
    COWAN, DeBAETS, ABRAHAMS,
3   & SHEPPARD LLP
4   9595 Wilshire Boulevard, Suite 900
    Beverly Hills, CA 90212
5   Telephone: (310) 492-4392
6   Telefax: (310) 492-4394

7   Attorneys for Plaintiff
8   FAZE CLAN INC.

9   **UNITED STATES DISTRICT COURT**
10  **CENTRAL DISTRICT OF CALIFORNIA**

11
12  FAZE APPAREL, LLC, a California
    limited liability company,
13
14          Plaintiff,
15  v.
16  FAZE CLAN INC., a Delaware
    corporation, and DOES 1 through 25,
17  inclusive,
18
19          Defendants.
20
21
22
23
24
25
26
27
28

Case No. 2:18 Civ. 02052 (RGK)
(JEMX)

**DECLARATION OF ELEANOR M.
LACKMAN IN SUPPORT OF
DEFENDANT FAZE CLAN INC.'S
MOTION TO COMPEL**

Before the Hon. R. Gary Klausner

1

ELEANOR M. LACKMAN declares as follows:

1.   I am a member of the Bar of this Court and a member of the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for defendant Faze Clan Inc. ("FaZe Clan") in this proceeding.  I am admitted to practice before this Court. I submit this declaration in support of FaZe Clan's Motion to Compel.

2.   On October 16, 2018, FaZe Clan served plaintiff FAZE Apparel, LLC ("Plaintiff") with a First Set of Document Requests (the "Document Requests").

3.   Following a courtesy extension, on November 29, 2018, Plaintiff served its Responses and Objections to FaZe Clan's Document Requests, a true and correct copy of which is attached as Exhibit A.

4.   Plaintiff subsequently produced two sets of documents responsive to the Document Requests, one on December 27, 2018 and another on December 31, 2018.

5.   FaZe Clan has, on multiple occasions, identified the deficiencies in Plaintiff's document productions in a good-faith attempt to resolve any dispute without Court intervention, but to no avail. Plaintiff's deficient document productions have been the subject of multiple deficiency letters, including letters dated December 19, 2018 and January 8, 2019 (true and correct copies of which are attached as Exhibits B and C, respectively), and meet-and-confers in good-faith attempt to resolve the issues raised therein.

6.   On January 14, 2019, I conducted the deposition of Plaintiff's Rule 30(b)(6) witness, Johnny Travis (Plaintiff's Co-Founder and Co-Owner).  Attached hereto as Exhibit D are relevant portions of the deposition transcript.

7.   On January 16, 2019, I conducted the deposition of Herbert Gracia (Plaintiff's Co-Owner).  Attached hereto as Exhibit E are relevant portions of the deposition transcript.

8.   On January 23, 2019, FaZe Clan served Plaintiff with a letter specifically identifying certain outstanding documents.  A true and correct copy of such letter is

attached hereto as Exhibit F.

9.    No response from Plaintiff's counsel was provided in reference to the letter dated January 23, 2019, which was an attempt to resolve the remaining discovery issues. Not until January 28, 2019 did Plaintiff's counsel respond to take interest in a meet-and-confer conference the following day – leaving only 3 days until the close of discovery.

10.   Subsequently, I conducted a telephonic meet-and-confer with Plaintiff's counsel to discuss the deficiencies raised in my letter, on January 29, 2019.

11.   During the conference, I advised Plaintiff's counsel that Plaintiff has not produced any emails except for those cherry-picked communications related to purported "confusion" sent to Johnny Travis, despite numerous Document Requests explicitly requesting production of communications. Plaintiffs' productions contain no communications with Matthew Abfalter, Johnny Manning, or anyone else involved in the business. Further, there are no communications between the two remaining partners, Johnny Travis and Herbert Gracia, which suggests that the search was not complete.

12.   I further advised Plaintiff's counsel that FaZe Clan has repeatedly requested documents that confirm Plaintiff's first use of each mark in conjunction with each item it has purportedly used in commerce. Priority of use is a pivotal factor in this case, and yet, Plaintiff has not produced any relevant documentation establishing the dates on which it commenced use of its marks on any of its claimed products.

13.   I further advised Plaintiff's counsel that regarding Plaintiff's production of sales and revenues, what has been provided thus far does not permit FaZe Clan to readily ascertain the revenues per category of goods sold.  What has been provided do not group or calculate each product type to have the revenues readily accessible. Moreover, there is a complete absence of any documents showing sales prior to 2014,

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF MOTION TO COMPEL

after FaZe Clan started using its marks on apparel.

14. I further advised Plaintiff's counsel that FaZe Clan has made multiple requests for production of documents pertaining to Plaintiff's awareness of FaZe Clan's marks. After Plaintiff's counsel represented that a further search for these documents would be burdensome, I advised that, considering there are only two relevant custodians, it is not burdensome to conduct reasonable searches for documents pertaining to their respective awareness of, and public interaction involving, FaZe Clan.

15. During the conference, Plaintiff's counsel acknowledged that the custodians' emails (including Travis and Gracia's) had not been properly searched for references to "FaZe Clan."

16. During the conference, Plaintiff's counsel represented that Plaintiff would, in certain circumstances, search for and provide the requested documents or verify that none exist.

17. Plaintiff has effectively stated that a majority of the outstanding documents will likely be found, but it cannot engage in the necessary search for another ten (10) weeks due to personal reasons which it had previously insisted would not affect the progress of this case.

18. FaZe Clan has received nothing to date.

19. Considering Plaintiff has stated that it will not extend the trial date, this delay is particularly unacceptable.

20. Plaintiff has effectively stated that a majority of the outstanding documents will likely be found, but it cannot engage in the necessary search for another ten (10) weeks due to personal reasons which it had previously insisted would not affect the progress of this case. Due to Plaintiff's noncompliance and unwillingness to cooperate with the Court schedule and progress of the litigation, this motion is deemed necessary and made as immediately as possible to resolve the issues that Plaintiff created.

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF MOTION TO COMPEL

21.  Pursuant to L.R. 37-2.4(a), this declaration is made for the Court to consider this motion to compel discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 1, 2019                    ___/s/ Eleanor M. lackman_____
                                             Eleanor M. Lackman

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF MOTION TO COMPEL