Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DEBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Telefax: (310) 492-4394

Attorneys for Defendant
FAZE CLAN INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE Apparel, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FAZE CLAN INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:18 Civ. 2052 (RGK) (JEM)<br><br>Assigned to: Hon. R. Gary Klausner<br><br>**MOTION IN LIMINE NO. 1**<br><br>**DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANT FAZE CLAN INC.'S MOTION IN LIMINE TO EXCLUDE DAMAGES EVIDENCE**<br><br>Date: March 26, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 20<br><br>Discovery Cutoff: February 1, 2019<br>Pre-Trial Conference: March 11, 2019<br>Trial: March 26, 2019 |

1

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF MOTION TO COMPEL

ELEANOR M. LACKMAN declares as follows:

1. I am a member of the Bar of this Court and a member of the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for defendant FaZe Clan Inc. ("FaZe Clan") in this proceeding. I am admitted to practice before this Court. I submit this declaration in support of FaZe Clan's motion in limine for an order excluding certain evidence pertaining to damages claimed by plaintiff FAZE Apparel, LLC ("Plaintiff").

2. I received proposed amended initial disclosures from Plaintiff's counsel on January 10, 2019 – close to the start of depositions of Plaintiff's witnesses – which, to my knowledge, was the first time that corrective advertising and punitive damages theories were asserted. Although by then, with discovery closing on February 1, 2019 and depositions commencing less than two business days later, it was too late to make a formal request for documentation; informal requests were also not met with any documentary evidence.

3. Attached hereto as Exhibit A is a true and correct copy of relevant portions of the transcript from the deposition testimony of Plaintiff's Rule 30(b)(6) witness.

4. Attached hereto as Exhibit B is a true and correct copy of relevant portions of the transcript from the deposition testimony of Johnny Travis.

5. Attached hereto as Exhibit C is a true and correct copy of an email, dated January 8, 2019, in which Plaintiff's counsel represented that Plaintiff was not seeking lost profits. Plaintiff's counsel confirmed the same during the parties' January 29, 2019 meet-and-confer discovery teleconference.

6. In response to FaZe Clan's document requests, Plaintiff produced charts from their "Shopify" account for the 2014-2018 period.[1] The spreadsheets contained

---

[1] In light of the large size and format of such records, I will describe them briefly here; to the extent Plaintiff disagrees, the parties will confer submit a representative sample of the documents so that the Court can resolve any issue.

certain categories of goods; number of items sold; gross sales; refunds; discounts; net sales; and taxes. Plaintiff produced no other sales records, nor did the records produced appear to identify the cost of manufacture, nor were totals provided.

7. Attached hereto as Exhibit D is a true and correct copy of documents produced in discovery, bearing Bates numbers FC1623 and FC01389-1392, which show that one of FaZe Clan's founders started selling FAZE CLAN-branded merchandise, including clothing, in 2011.

8. Attached hereto as Exhibit E is a true and correct copy of a Notice of Publication Confirmation for U.S. Serial No. 86/018,225, procured by my office from the United States Patent and Trademark Office's online TSDR document system.

9. Attached hereto as Exhibit F is Plaintiff's Answer to Interrogatory No. 13 contained within its Second Amended and Restated Responses to FaZe Clan's First Set of Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: February 8, 2019

_____
Eleanor M. Lackman